IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE | : | |
| COMPANY, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:20-CV-106 (CAR) |
| | : | |
| KYLE GOFF; L'GOFF MOVING | : | |
| SERVICES, LLC; CARRIE SLAY, | : | |
| INDIVIDUALLY; and CARRIE A. | : | |
| SLAY as EXECUTOR OF THE ESTATE | : | |
| OF MICHAEL E. SLAY, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Currently before the Court is Plaintiff Auto-Owners Insurance Company's ("Auto-Owners") Motion for Summary Judgment. Having carefully considered the parties' arguments, the record, and applicable law, the Court **GRANTS** Auto-Owners's Motion [Doc. 24].

## BACKGROUND

Auto Owners filed this declaratory judgment action to determine whether liability coverage exists for Kyle Goff ("Goff") or L'Goff Moving Services ("Moving Company") for the claims Carrie Slay brought in the lawsuit she filed in Athens-Clarke County Superior

Court (the "Underlying Lawsuit").[1]

In September of 2018, Carrie and Michael Slay ("the Slays") hired Moving Company to move their belongings from Monroe, Georgia to Cuthbert, Georgia.[2] Three months later, the Slays decided to move back to Monroe and again hired Moving Company to move their belongings.[3] During the second move, Moving Company allegedly lost, stole, and/or destroyed some of the Slays' personal belongings.[4] On December 29, 2018, Goff and Moving Company were notified of the alleged damage.[5] Two months later, on March 1, 2019, the Slays filed the Underlying Lawsuit.[6]

During Goff's deposition in the Underlying Lawsuit, the Slays discovered Goff and Moving Company ("the Insured") maintained a liability insurance policy through Auto-Owners.[7] Auto-Owners issued a commercial general liability plus and inland marine insurance policy to "Kyle Goff DBA Goff Moving Services, LLC," policy number 154618-80576078 (the "Policy").[8] The Policy states that, "[Auto-Owners] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or

---

[1] *Michael E Slay and Carrie A Slay v. L'Goff Moving Services LLC and Kyle Goff Individually*, Superior Court of Athens-Clarke County, Case No. SU19CV0113.

[2] Auto-Owners's Complaint for Declaratory Judgment. [Doc. 1, ¶ 12].

[3] *Id.* at ¶ 13-15.

[4] *Id.* at ¶ 17.

[5] Auto-Owners's Motion for Summary Judgment (citing Goff. Decl. at ¶ 10;  Slay Rog. Resp., at ¶ 5-6), [Doc. 24 at p. 3-4].

[6] *Michael E Slay and Carrie A Slay v. L'Goff Moving Services LLC and Kyle Goff Individually*, Superior Court of Athens-Clarke County, Case No. SU19CV0113.

[7] Auto-Owners's Complaint for Declaratory Judgment, [Doc. 1, ¶ 24].

[8] *Id.* ¶ 28.

'property damage' to which this insurance applies." Under the Policy, in the event of an occurrence, offense, claim, or suit, the insured "must see to it that [Auto-Owners is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim"; "if any claim is made or 'suit' brought against any insured […] you must see to it that we receive written notice of any claim or 'suit' as soon as practicable"; and "you and any other involved must immediately send us copies of any correspondence, demands, notices, summonses or papers in connection with any claim or 'suit'."[9]

Six months after Goff's deposition, on June 30, 2020, Auto-Owners first learned of the incident when the Slays served Auto-Owners with a notice of filing in the Underlying Lawsuit.[10] After receiving notice, Auto-Owners issued letters to the Insured providing "notice of its reservation of rights to disclaim any obligation under the Policy and to assert the defense of non-coverage."[11] Auto-Owners then retained counsel to defend the Insured, subject to the reservation of rights.[12]

Auto-Owners now files a Motion for Summary Judgment contending the Insured failed to timely notify Auto-Owners of the "occurrence" and the Underlying Lawsuit. Thus, the Insured violated a condition precedent of coverage, and Auto-Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit.

---

[9] *Id.* ¶ 30; Exhibit D.

[10] *Id.*, Exhibit B; Auto-Owners's Motion for Summary Judgment [Doc. 24 at p. 4-5].

[11] Auto-Owners's Complaint for Declaratory Judgment, [Doc. 1, ¶ 34]; Exhibit E.

[12] *Id.* ¶ 35.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]  Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[14]  This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[15]

On summary judgment, the Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party; the Court may not make credibility determinations or weigh the evidence.[16]  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[17]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to respond by setting forth specific evidence in the record and articulating the precise

---

[13] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).
[14] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).
[15] *See id.* at 249-52.
[16] *See id.* at 254-55; *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir. 1992).
[17] *Celotex,* 477 U.S. at 323 (internal quotation marks omitted).

manner in which that evidence creates a genuine issue of material fact or that the moving

party is not entitled to a judgment as a matter of law.[18]  This evidence must consist of more

than mere conclusory allegations or legal conclusions.[19]

"A fact is material for the purposes of summary judgment only if it might affect the

outcome of the suit under the governing law."[20] Furthermore, "[a]n issue [of material fact]

is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely

colorable' or 'not significantly probative.'"[21] "A mere scintilla of evidence in support of the

nonmoving party's position is insufficient to defeat a motion for summary judgment; there

must be evidence from which a jury could reasonably find for the non-moving party."[22]

Accordingly, if the moving party shows "that, on all the essential elements of its case on

which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving

party" then "it is entitled to summary judgment unless the nonmoving party, in response,

comes forward with significant, probative evidence demonstrating the existence of a

triable issue of fact."[23]

## DISCUSSION

The record establishes that the Insured failed to timely notify Auto-Owners of the

---

[18] *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324-26.
[19] *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[20] *Kerr v. McDonald's Corp.*, 427 F.3d 947, 957 (11th Cir. 2005) (internal quotations omitted).
[21] *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ens. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249-50).
[22] *Id.* (citing *Anderson*, 477 U.S. at 252).
[23] *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

"occurrence" and the Underlying Lawsuit. Under the Policy, the Insured had two obligations—to notify Auto-Owners "as soon as practicable of an 'occurrence' or an offense which may result in a claim,"[24] and to "immediately send [Auto-Owners] copies of any correspondence, demands, notices, summonses or papers in connection with any claim or 'suit'."[25] The Insured failed to do both.[26]

At the earliest, the Insured were aware of the "occurrence" on December 29, 2018—the date the damage occurred.[27] At the latest, the Insured were aware of the Underlying Lawsuit on April 8, 2019—the date they filed their answer in the Underlying Lawsuit.[28] Auto-Owners did not learn of the "occurrence" or the Underlying Lawsuit until the Slays served Auto-Owners with the notice of filing on June 30, 2020—eighteen months after the damage occurred and fourteen months after the Slays filed the Underlying Lawsuit. Such delay in notice clearly violates the conditions precedent requiring timely notice "as soon as practicable" and requiring the Insured to "immediately" serve Auto-Owners with any correspondence, demands, notices, summonses, or papers in connection with the Underlying Lawsuit.

"An insured's duty to provide notice to the insurer is triggered when the insured actually knew or should have known of the possibility that [he] might be held liable for

---

[24] Auto-Owners's Complaint for Declaratory Judgment. [Doc. 1-4 at p. 12].

[25] *Id*.

[26] Auto-Owners's Complaint for Declaratory Judgment. [Doc. 1, ¶ 41-46].

[27] *Id*. ¶ 41.

[28] *Id*. ¶ 42.

the offense in question. This is an objective standard, viewed from the perspective of the ordinary policyholder."[29] "Under Georgia law, 'when an insurance policy includes a notice requirement as a condition precedent to coverage, and when the insured unreasonably fails to timely comply with the notice requirement, the insurer is not obligated to provide a defense or coverage.'"[30] "Georgia courts have held that a delay of as little as three months between the filing of a lawsuit and notice to the insurer is unreasonable as a matter of law."[31] Analogously, the Eleventh Circuit affirmed delays of four, five, and eight months to be unreasonable as a matter of law.[32]

Goff admits that "[d]espite having known of the Claim on or around December 29, 2018, I did not, at any time thereafter, notify Auto-Owners Insurance Company of the Claim by written notice in a timely manner or as soon as practicable."[33] Furthermore, the

---

[29] *Allstate Ins. Co. v. Airport Mini Mall, Ltd. Liab. Co.*, 265 F. Supp. 3d 1356, 1379 (N.D. Ga. 2017).

[30] *Mt. Hawley Ins. Co. v. E. Perimeter Pointe Apartments*, 861 F. App'x 270, 275 (11th Cir. 2021) (citing *Forshee v. Emps. Mut. Cas. Co.*, 309 Ga. App. 621, 711 S.E.2d 28, 31 (Ga. Ct. App. 2011)).

[31] *State Farm Fire & Cas. Co. v. LeBlanc*, 494 F. App'x 17, 23 (11th Cir. 2012) (citing *Diggs v. S. Ins. Co.*, 172 Ga. App. 37, 321 S.E.2d 792, 793 (Ga. Ct. App. 1984)). *See also Cotton States Mut. Ins. Co. v. International Surplus Lines Ins. Co.*, 652 F. Supp. 851, 856 (N.D. Ga. 1986) ("The Georgia courts have repeatedly held that where no valid excuse exists, failure to give written notice for periods in the range of four to eight months is unreasonable as a matter of law."); *Richmond v. Georgia Farm Bur. Mut. Ins. Co.*, 140 Ga. App. 215 (1976) (holding that an insured's eight-month delay in notifying the insurer of an occurrence was unreasonable as a matter of law, and finding that the "valid condition precedent of notice 'as soon as practicable' is to be treated . . . the same way as the condition precedent of forwarding to an insurer copies of the suit and summons"); *Bituminous Casualty Corp. v. J. B. Forrest & Sons, Inc.*, 132 Ga. App. 714, 717 (1974) (holding that a four-month delay was unreasonable as a matter of law when the insured failed to "attempt[] to show anything that prevented his acting promptly" in providing notice of the occurrence).

[32] *Ill. Union Ins. Co. v. NRI Constr.*, 846 F. Supp. 2d 1366, 1371 (N.D. Ga. 2012) (citing *Hathaway Dev. Co. v. Illinois Union Ins.* Co., 274 Fed. Appx. 787 (11th Cir. 2008) (per curiam) (upholding the district court's decision that an insured's eight-month delay in notifying the insurer was a breach of the notice condition requiring notification of an occurrence "as soon as practicable").

[33] Auto Owners's Motion for Summary Judgment, [Doc. 24-1, Exhibit A at ¶ 12].

Insured concede the delay was without excuse and "as a result of [the Insured's] failure to comply with the timely notice provisions of the Policy, which are condition precedents to coverage, that there is no insurance coverage available under the Policy respecting either the Claim or Underlying Lawsuit."[34]

The Insured's failure to notify Auto-Owners for a period of at least fourteen months was unreasonable as a matter of law. Because the Insured failed to comply with both conditions precedent under the Policy, and provide no justification for failing to do so, Auto-Owners has no duty to defend or indemnify any of the Defendants in the Underlying Lawsuit.

## CONCLUSION

For the foregoing reasons, Auto-Owners's Motion for Summary Judgment [Doc. 24] is **GRANTED**.

**SO ORDERED**, this 17th day of February, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[34] *Id.* at ¶ 16.